[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15171
Non-Argument Calendar
_____

D.C. Docket No. 9:05-cr-80121-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINCOLN MOODY,
a.k.a. Jose,
a.k.a. Antonio Espinosa,
a.k.a. Lincoln Moody,
a.k.a. Rateek Allah,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 15, 2019)

Before WILSON, WILLIAM PRYOR and HULL, Circuit Judges.

PER CURIAM:

Lincoln Moody, a federal prisoner who uses the religious name Rateek Love Allah, appeals *pro se* the denial of his postconviction motion to correct his sentence. Allah alleged that he was erroneously sentenced in 2006 as a career offender because his presentence investigation report misstated that he had a prior conviction for robbery with a firearm when he actually had been convicted of simple robbery. Allah requested that the district court correct his presentence report and that the district court correct his sentence based on *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018). The district court ruled that it lacked authority to grant Allah relief. We affirm.

The district court did not err. The district court could not correct a fact stated in Allah's presentence investigation report when he failed to object to it. *See United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes and precludes the argument that there was error in them."). The district court also lacked jurisdiction to alter Allah's sentence. Allah filed his motion long after the 14-day deadline in which to correct a sentence expired. *See* Fed. R. Crim. P. 35(a). No basis existed to modify Allah's sentence in the absence of either a motion from the Bureau of Prisons to reduce his sentence or an

2

amendment to the Sentencing Guidelines that lowered his sentencing range. *See* 18 U.S.C. § 3582(c). Allah also was not entitled to postconviction relief based on *Molina-Martinez*, which addressed whether a defendant whose sentence is based on a plainly incorrect sentencing range was entitled to relief on *direct appeal* under Federal Rule of Criminal Procedure 52(b), 138 S. Ct. at 1906–11. And Allah could not move the district court to vacate his sentence because his motion would be barred as successive. *See* 28 U.S.C. §§ 2241, 2255. In any event, we have held that errors in the calculation of an advisory guideline range for sentencing a career offender are not cognizable in postconviction review. *See Spencer v. United States*, 773 F.3d 1132, 1135 (11th Cir. 2014) (en banc).

We **AFFIRM** the denial of Allah's motion.